IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| William Lincoln, Jr.,<br><br>                  Plaintiff,<br><br>v.<br><br>Employment Services d/b/a Centura College; David Riggs; April Green; Katrina Varner; Gerald Yagen; June W. Barksdale Hershey a/k/a June Barksdale,<br><br>                  Defendants. | Civil Action No. 2:11-cv-03234-DCN-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, who is proceeding *pro se*, filed the instant action against Employment Services d/b/a Centura College; David Riggs; April Green; and Katrina Varner on or about November 29, 2011. (See Dkt. No. 1.) On January 23, 2012, the undersigned issued an Order authorizing service of process upon, *inter alia*, Defendants David Riggs and Katrina Varner. (See Dkt. No. 13.) That Order stated,

> The United States Marshal shall serve the Complaint on Defendants. The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)).
> If the information provided by Plaintiff on the Forms USM-285 is not sufficient for the Marshal to effect service of process the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.
> . . .
> **Plaintiff is responsible for providing, on the service documents, the name and address at which a Defendant can be served under Rule 4**. The United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to this case.

(Dkt. No. 13 at 1-2.)

On February 7, 2012, Plaintiff filed a Motion for Subpoena. (Dkt. No. 18.) On February 8, 2012, that motion was denied in a Text Order stating, "The plaintiff is seeking

to subpoena certain employees of the defendants in this case, apparently in lieu of service. He must properly serve them as directed." (Dkt. No. 19.)

Plaintiff was granted leave to amend his Complaint to add two additional Defendants. (See Dkt. No. 21; Dkt. No. 31.) On March 14, 2012, Plaintiff filed an Amended Complaint against Employment Services d/b/a Centura College; David Riggs; April Green; Katrina Varner; Gerald Yeagan; and June Barksdale. (See Dkt. No. 34.)

On April 2, 2012, the summons as to Katrina Varner was returned unexecuted. (See Dkt. No. 39.) Similarly, the summons as to David Riggs was returned unexecuted on April 25, 2012. (See Dkt. No. 43.) The "remarks" section of the summons as to Katrina Varner indicates that the Marshals were unable to locate Varner at the address provided by Plaintiff and that Ms. Varner moved out of state after leaving Centura College in October of 2010. (Dkt. No. 39.) Likewise, the "remarks" section of the summons as to David Riggs indicates that the Marshals were unable to locate Riggs at the address provided by Plaintiff and that Riggs had moved to several different states after leaving Centura College. (Dkt. No. 43.)

On May 18, 2012, the undersigned issued a Final Proper Form Order that stated, *inter alia*,

> On April 2, 2012, a U. S. Marshal Return was filed indicating that Defendant Varner could not be served at the address provided by Plaintiff, and could not be located after reasonable effort. ECF No. 39. On April 25, 2012, a U. S. Marshal Return was filed indicating that Defendant Riggs could not be served at the address provided by Plaintiff, and could not be located after reasonable effort. ECF No. 43. The docket does not reflect that Plaintiff has made any effort to serve Defendants Riggs and Varner, or provide any further information to the court as to the address at which these defendants may be properly served under Rule 4 of the Federal Rules of Civil Procedure.
> . . .
> This is Plaintiff's **final opportunity** to provide the Court with correctly completed service documents containing sufficient information for service on the unserved defendants, David Riggs and Katrina Varner. Plaintiff is permitted ***seven (7) days*** from the date this Order is entered (plus three days for mail time) to provide a correctly completed summons and USM-285 form for each unserved defendant, which contains the full name and address at

2

<u>which each Defendant may be served in accordance with Rule 4 of the Federal Rules of Civil Procedure</u>.
**If Plaintiff does not provide, within the time allowed by this Order, service documents completed with sufficient information for service on each of the unserved Defendants, all unserved Defendants will be dismissed as parties to this action for lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure**.

(Dkt. No. 49.)

Plaintiff filed a Motion for Extension of Time to comply with the Final Proper Form Order; that motion was granted. (See Dkt. No. 51; Dkt. No. 52.) On June 14, 2012, Plaintiff was given an additional thirty days to serve Defendants Riggs and Varner. (See Dkt. No. 52.) It appears that Plaintiff did not serve Defendants, or provide additional information to assist with locating Riggs and Varner, within this thirty-day time period. However, on July 17, 2012, Plaintiff filed a document "[d]ue to the changes in attorneys and judges from the Honorable Hendricks, to Honorable Duffy, to Honorable Norton." (Dkt. No. 58.) In this document, Plaintiff asserts that Defendants "have information that can be used to quickly locate Mr. Riggs, if they would volunteer that information, to the US Marshal." (Dkt. No. 58 at 1 of 5.) Plaintiff also states, "I, the plaintiff, am not looking for Mr. Riggs, even though I want him to testify as a defendant." (Id.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part,

**(m) Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

FED. R. CIV. P. 4(m). In the instant case, the Complaint against Riggs and Varner was filed on November 29, 2011. The 120-day period in Rule 4(m) has long passed, and the undersigned has previously extended the time for service. It appears that–despite reasonable efforts–the Marshals were unable to locate Defendant Riggs or Defendant

3

Varner, and Plaintiff has not provided any additional information that would assist in locating them. Plaintiff did state, however, that he was "not looking for Mr. Riggs." (Dkt. No. 58 at 1 of 5.) In light of the foregoing, the undersigned RECOMMENDS that Defendant David Riggs and Defendant Katrina Varner be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

    IT IS SO RECOMMENDED.

                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

July 26, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).