**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| WILLIAM LINCOLN, JR., )<br>  )<br>  Plaintiff, )<br>  )<br>vs. )<br>  )<br>EMPLOYMENT SERVICES, d/b/a )<br>CENTURA COLLEGE, APRIL GREEN, )<br>GERALD YAGEN, and JUNE )<br>BARKSDALE, )<br>  )<br>  Defendants. )<br>_____ ) | No. 2:11-cv-03234-DCN<br><br><br>**ORDER** |

This matter comes before the court on objections to the magistrate judge's Report and Recommendation (R&R). For the reasons set forth below, the court affirms in part the R&R and dismisses this case.

## I. BACKGROUND

Plaintiff William Lincoln, Jr. filed a complaint on November 29, 2011, bringing claims under Title VII of the Civil Rights Act of 1964, as amended. With leave of court, plaintiff filed an amended complaint on March 14, 2012. On December 10, 2012, defendants filed a motion for summary judgment. The magistrate judge issued an R&R on June 12, 2013, recommending that the court grant defendants' motion for summary judgment and dismiss plaintiff's amended complaint. The magistrate judge further recommended that any claim for workers' compensation retaliation be dismissed without prejudice. On June 20, 2013, plaintiff and defendants filed objections to the R&R.

Lincoln, an African American, was hired by defendant Centura College on or about June 27, 2001 as an instructor, making $10.00 per hour. On June 12, 2007, Lincoln

1

left his employment with the College because of family problems. R&R 1. He was re-hired as a part-time instructor on September 24, 2007. In early 2008, Lincoln was offered a position as an IT technician/instructor. He declined the offer, and the position was later given to Jim Copeland, a Caucasian.

On or about August 18, 2008, the College promoted Lincoln to a full-time, salaried position as the Network Technology (NT) Coordinator. By the spring of 2009, the number of students enrolled in the NT program had declined, and the College decided to eliminate the program once the remaining students finished their course work in December. Lincoln was told of the College's decision. That summer, administrators met with Lincoln and informed him that due to the decreased number of students in the program, there was no longer a need for a Program Coordinator, only a part-time instructor. Effective September 14, 2009, Lincoln became a part-time instructor. He continued to earn the same hourly rate he earned as the NT Coordinator but was no longer eligible to participate in Centura's disability benefits program. The College encouraged Lincoln to apply for other jobs within the College so that he could secure employment before the NT program terminated. Lincoln did not do so. On December 4, 2009, the NT program ended and Lincoln's position was eliminated.

Lincoln accuses defendants of firing him for racial reasons rather than the elimination of the NT program. He alleges that he should have been awarded Copeland's IT technician position due to his seniority and superior qualifications. Lincoln also complains that he reported embezzlement and corruption related to the College's janitorial services company and that defendants retaliated against him as a result. R&R 2.

## II.  STANDARDS

Lincoln appears pro se in this case.  Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow for the development of potentially meritorious cases.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1).  The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  A party's failure to object may be treated as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that

a reasonable jury could return a verdict for the nonmoving party." Id. At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. Id. at 255.

### III.   DISCUSSION

Plaintiff's amended complaint may be liberally interpreted as raising claims under Title VII for discriminatory discharge and retaliation.[1] See R&R 4. The magistrate judge reviewed the record and, recognizing that Lincoln "may have legitimately faced some mistreatment or undeserved difficulty at work," found "there is no evidence that [Lincoln's] experience was racially motivated." Id.

**A.  Discriminatory Discharge**

Lincoln brings a claim for discriminatory discharge.[2] To establish a prima facie case of discriminatory discharge, a plaintiff must show:  (1) he is a member of a protected class; (2) he was qualified for his job and his job performance was satisfactory; (3) he was fired; and (4) other similarly situated employees who are not members of the protected class were retained under apparently similar circumstances. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004); Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 133 (4th Cir. 2002).

---

[1] Although defendants suggested that the amended complaint asserts a claim for hostile work environment, the magistrate judge "perceive[d] no claim for hostile work environment." Plaintiff does not object to this finding. See Pl.'s Obj. 1 (stating he is only claiming "racial discrimination and retaliation").

[2] This claim is discussed as it relates to defendant Centura College. The court agrees with the magistrate judge that plaintiff's claim against the individual defendants must be dismissed because it is not cognizable under Title VII. See R&R 4 (citing Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998)).

The court agrees with the magistrate judge that Lincoln has not satisfied the fourth element by showing that similarly situated employees outside the protected class received more favorable treatment. "[P]laintiffs are required to show that they are similar in all relevant respects to their comparator." Haywood v. Locke, 387 F. App'x 355, 359 (4th Cir. 2010); see also Ward v. City of N. Myrtle Beach, 457 F. Supp. 2d 625, 643 (D.S.C. 2006) ("[A] plaintiff must establish that 'other employees' were similarly situated in all relevant respects . . . ."). Plaintiff contends that Jim Copeland, a person outside of plaintiff's protected class, was given more favorable treatment because he was not terminated when the College eliminated its NT program. Yet, Copeland was an IT technician, and his department was not subject to elimination. Copeland is not a sufficient comparator. See Monk v. Potter, 723 F. Supp. 2d 860, 877 (E.D. Va. 2010) (citing Lightner v. City of Wilmington, 545 F.3d 260, 265 (4th Cir. 2008)) (explaining that employees who "do not have the same job title, or do not have the same responsibility level, are not similarly situated").

Plaintiff also contends he should have been given Copeland's IT technician position once the NT program was eliminated:

> Q:  When Mr. Riggs offered you that IT position, did you take it or did you turn him down?
>
> A:  I turned him down.
>
> Q:  Okay. And was it that position, Mr. Copeland working as an instructor and IT technician, that you felt you should have been given at the time that the NT program was eliminated?
>
> A:  Absolutely.

Lincoln Dep. 194:17-25. As the magistrate judge found, the College "was not required later, to remove Copeland from a job that the plaintiff did not want, and which was not

5

part of a department subject to elimination, just to spare the plaintiff's own employment." R&R 8 (citing Patterson v. Am. Tobacco Co., 535 F.2d 257, 267-68 (4th Cir. 1976)).

Last, plaintiff objects to the magistrate judge's recommendation that he fails to establish a prima facie case of discrimination by attempting to set forth other evidence of discrimination at Centura. For example, he alleges that a "Black family member, Carlissa Wilson, was fired for violating the corporate policy of families working together, [but a] White family member, Anita Riggs was able to be employed at Centura College." Id. at 4, 7. Plaintiff lacks standing to assert a Title VII claim for discrimination on behalf of other employees. See Childress v. City of Richmond, 134 F.3d 1205, 1209 (4th Cir. 1998) (en banc); Salami v. Monroe, No. 07-cv-621, 2008 WL 2981553, at *4 (M.D.N.C. Aug. 1, 2008) ("[T]o the extent that Plaintiff is asserting discrimination and retaliation claims on behalf of individuals other than himself, Plaintiff lacks standing to assert these claims.").

Because plaintiff has failed to establish a prima facie case of discriminatory discharge, the court grants summary judgment to defendants on this claim.

**B. Retaliation**

Next, Lincoln brings a claim for retaliation. "In order to establish a prima facie case of retaliation, a plaintiff must prove three elements: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." E.E.O.C. v. Navy Fed. Credit Union, 424 F.3d 397, 405-06 (4th Cir. 2005). "Employees are . . . guaranteed the right to complain to their supervisors about suspected violations of Title VII." Bryant v. Aiken Reg. Med. Ctrs. Inc., 333 F.3d 536, 543-44 (4th Cir. 2003). Protected oppositional

activities include staging protests and voicing suspicions in order to bring attention to an employer's discriminatory activities, as well as complaints about suspected discrimination violations.  E.E.O.C., 424 F.3d at 406.  Protected activity does not include opposition to "all unlawful employment practices" or "practices the employee simply thinks are somehow unfair"; the employee must have "actually opposed employment practices made unlawful *by Title VII*."  McNair v. Computer Data Sys., Inc., 172 F.3d 863 (4th Cir. Jan. 26, 1999).

The magistrate judge found that Lincoln's retaliation claim fails because he "has not alleged or produced evidence that any retaliation against him was on account of his having opposed conduct made illegal by Title VII."  R&R 10.  Plaintiff objects, arguing that his "allegations of exposing embezzlement and corruption by the administration at Centura College . . . led to retaliation."  Pl.'s Obj. 4-5.  In particular, Lincoln claims he exposed that a company owned by the husband of defendant April Green performed janitorial services for Centura.  Id. at 10.  In retaliation, Lincoln was allegedly "treated with great hostility and moved out of the NT building to the Main Building where the harassment and discrimination intensified."  Id. at 9.  As found by the magistrate judge, plaintiff does not show that he opposed behavior by the College that is made unlawful by Title VII, such as by complaining of discrimination.  Thus, he fails to establish a prima facie case of retaliation.  Contra Bryant, 333 F.3d at 544 (finding employee engaged in protected activity when she complained to her supervisor about her suspicion that she had not been promoted because of racial discrimination).  The court grants summary judgment to defendants.

### C. Plaintiff's Remaining Objections

Plaintiff repeatedly asserts that defendants and their counsel have "perjured, lied, and deceived" this court in order to get a favorable judgment. See Pl.'s Obj. 2, 6. Plaintiff's claims are unsubstantiated and do not specifically address the magistrate judge's findings in her R&R. They do not merit further discussion. Plaintiff also requests a hearing on defendants' motion for summary judgment. The court has reviewed the record and decided that a hearing is not necessary. See Scott v. Health Net Fed. Servs., LLC, 463 F. App'x 206, 209 (4th Cir. 2012) (stating, in Title VII case, that "[t]here is no requirement that a ruling on a motion for summary judgment be preceded by a hearing").

### D. Workers' Compensation Retaliation

The magistrate judge determined that Lincoln "has also made allegations that he was retaliated against for having filed a workers' compensation claim," which, if proved, would establish a violation of state law. R&R 11. Because the magistrate judge recommended that plaintiff's federal causes of action be dismissed, she further recommended that the court decline to exercise supplemental jurisdiction over any state law claim and instead dismiss it without prejudice. Id. Defendants object to the magistrate judge's R&R on the sole ground that any workers' compensation retaliation claim should be dismissed *with* prejudice as time-barred. Lincoln filed no response.

In Ketema v. Midwest Stamping, Inc., 180 F. App'x 427 (4th Cir. 2006), cited by defendants, the Fourth Circuit found that dismissal without prejudice of state law claims was an abuse of discretion where the statute of limitations on the state law claims had run and "any refiling would be fruitless." Id. at 428. Here, plaintiff alleges he was fired on

8

December 4, 2009. He did not file his complaint until November 29, 2011. The statute of limitations applicable to actions for retaliation in violation of the South Carolina Workers' Compensation Act is one year. See S.C. Code Ann. § 41-1-80. Because the face of the pleadings show that plaintiff's supplemental state law claim is time-barred, the court dismisses that claim with prejudice. See Hutchinson v. K-Mart Corp., No. 12-cv-85, 2012 WL 1932504, at *2-3 (D.S.C. May 29, 2012) (dismissing state law claim as time-barred where plaintiff did not file his complaint until three years after allegedly being terminated by his employer).

## IV.   CONCLUSION

Based on the foregoing, the court **AFFIRMS IN PART** the R&R and **DISMISSES** this case.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 23, 2013**
**Charleston, South Carolina**